UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Network Cargo Systems U.S.A., Inc., | ) | |
|---|---|---|
| Plaintiff, | ) | No. 13 C 9171 |
| | ) | |
| v. | ) | District Judge Elaine E. Bucklo |
| | ) | |
| Caroline Pappas, | ) | Magistrate Judge Geraldine Soat Brown |
| Defendant. | ) | |

### ORDER

Plaintiff's Motion to Compel [57] is granted as set out in this order.

### STATEMENT

Plaintiff Network Cargo Systems U.S.A., Inc. ("Network"), alleges that defendant Caroline Pappas, a former employee, downloaded and destroyed files from its computer system containing confidential and proprietary information, and shared that information with her new employer.[1] (Compl. ¶¶ 55-93.) [Dkt 1.] Pappas's last day as a Network employee was June 30, 2013. (*Id.* ¶ 32.) After filing this lawsuit, Network moved for a preliminary injunction requiring, among other things, Pappas to return and purge from her possession any of the documents removed from Network's system. (Pl.'s Mot. for Prelim. Inj.) [Dkt 12.] That motion was referred to this court. [Dkt 15.] Network also moved for expedited discovery in preparation for a hearing regarding its request for a preliminary injunction. [Dkt 21.] As part of that request, Network asked to conduct a limited forensic examination of the electronic devices in Pappas's possession to determine whether she had transferred any of Network's confidential information to them. (*Id.* at 2.)

---

[1] On April 25, 2014, the District Judge granted Pappas's motion to dismiss a second plaintiff, Network Cargo International, Inc., for lack of standing. (Order, Apr. 25, 2014, at 2-4.) [Dkt 65.]

At a motion hearing on February 14, 2014, this court ordered Pappas's counsel to "determine what electronic devices [Pappas] used between 4/1/13 to 2/14/14." (Order, Feb. 14, 2014.) [Dkt 24.] At a telephone conference on February 20, 2014, Pappas's counsel identified six devices: (1) a personal laptop computer, (2) a personal Apple Mac desktop computer, (3) a Blackberry that had been returned to Network, (4) Pappas's current work laptop, (5) a personal iPad Mini tablet computer, and (6) an iPhone. (Pl.'s Reply at 2-3, citing Tr. of Proceeding on Feb. 20, 2014.) [Dkt 63.] Some of the devices, however, were in the control of Pappas's new employer. The parties agreed to split the cost of retaining an independent electronic discovery vendor (an "Inspection Consultant") to create an image of the information on the three personal devices—the personal laptop, Apple Mac desktop, and iPad Mini. (Order, Feb. 28, 2014, ¶¶ 2, 5.) [Dkt 34.] The Inspection Consult was tasked to search the resulting images for search terms, evidence of software used to eliminate data, and data showing whether additional storage devices (such as flash drives) had been attached to the devices. (*Id.* ¶ 4.)

In April 2014, the Inspection Consultant reported to the parties that three previously undisclosed flash drives had been connected to Pappas's personal computers during the relevant time frame: one on August 22 and December 23, 2013, and January 7, 2014; another on October 7 and 8, 2013; and the third on January 24, 2014. (Pl.'s Mem. in Support of Mot. to Compel at 4.) [Dkt 58.] Network moved to compel production of these three flash drives. (Pl.'s Mot. to Compel.) [Dkt 57.] Network argues that the three "flash drives must be produced for imaging and inspection because they are and might contain relevant evidence." (Pl.'s Mem. in Support of Mot. to Compel at 8.) Pappas opposes Network's motion on the grounds that a search of the flash drives unnecessarily expands the scope of the expedited discovery contemplated by the February 28 order and creates undue additional

2

expense that she, as an individual defendant, cannot afford. (Def.'s Resp. at 2-3.) [Dkt 60.] Pappas contends that the better course is to await the full results of the Inspection Consultant's analysis. (*Id.*) At a status hearing on April 22, 2014, this court ordered Pappas's counsel to take custody of the three flash drives at issue. [Dkt 61.]

The court agrees with Network that the Inspection Consultant should be allowed to image and review the three flash drives. Providing those flash drives to the Inspection Consultant does not appear to be overly burdensome to Pappas, and a search of the flash drives may aid the court's review of Network's request for a preliminary injunction.

Network must pay, however, for the Inspection Consultant's work in regard to the three flash drives. Pappas left her employment at Network in June 2013, but the flash drives were not connected to her home devices until August 2013 at the earliest. One was connected only in January 2014. The likelihood that Pappas was using these flash drives to transfer Network's confidential information would seem to become more remote with the passage of time. Because of the likely limited usefulness of searching the three flash drives, it is up to Network to pay for obtaining this information.

Accordingly, Network's motion to compel is granted to the extent that Pappas's counsel shall turn over the three flash drives identified in Network's motion to the Inspection Consultant, who will perform analysis of the drives at Network's expenses. Aside from the distribution of costs, discovery of information on the flash drives must proceed in accordance with the agreed order of February 28, 2013, and the amendment of that order on March 11, 2014. [Dkt 40.]

May 7, 2014 /s/GERALDINE SOAT BROWN
United States Magistrate Judge